RECEIVED

MAY 03 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Marijuana
Guideline
enhancement

4B1.2 (b)

David Wright JR.

"Jackson" an "Brown"
Review Timing in ACCA context, Both cases was
granted.

Look up This case
Supra. 22-7355
Jackson. 22-6640 May 15, 2023
Brown. 22-6389 May 15, 2023
Clark, 8th cir 2022, 22-6881
Altman V, 22-5822, 2023

① (circled)

United States. v.s. Devin Baker. 22-7359 "case used against me in my writ

- He argued that 4B1.2(b) should compare the state
statute of his conviction to the Federal Drug schedules
at the time of Federal sentencing to determine whether
the offense involved a controlled substance... under that
approach petitioners conviction would be categorically
overbroad. As the state offense of conviction encompassed
Hemp but the Federal drug schedules at the time of
sentencing did not.
The District Court agreed with petitioner an refused
to classify his 2012 conviction as a controlled substance
offense. In Courts view applying the versions of
the schedules" in effect at the time of Federal
sentencing is correct way to proceed. Without the
Career offender his guidelines was 37 to 46 months he got
100 months for 2 counts one was 924.C.

- 

USA. v.s. Clark

In Clark, the 8th cir explained that to determine
whether a prior state conviction qualifies as a controlled
substance offense under sentencing guidelines 4B1.2(b)
Courts should consult the Drug schedules in effect at the
Federal an State
Law at the relevant time of the offense it would

Case 6:24-cv-02023-CJW-MAR     Document 1-1     Filed 05/03/24     Page 1 of 8

be a controlled substance and his 2012 conviction qualifies as a predicate offense under section code <u>4B1.1</u>

- Comparing sentencing Guidelines 4B1.2(b) an 4B1.2(2)
  The Commission initally defined the term to include offenses under specified Federal statutory provisions as well as similar offenses. and later Supplanted that enumeration with a broad reference to any federal or State Law that prohibits certain conduct.... More generally, the Commission has devoted considerable attention in recent years to the definitions relating to the Nature of a defendants prior conviction, and it continues to work to resolve conflicting interpretations of the guidelines by Federal Courts...

- The Disagreement
  The Definition of <u>controlled Substance offense</u> in section 4B1.2(b) is limited to offenses involving Substances controlled by the Federal controlled Substances ~~controlled by the~~ Act. or whether it also applies to offenses involving Substances controlled by applicable State Law.

- The Courts did not address the issue at hand on the Conflicts between the Circuits about the commission saying when the substance at issue Must have been controlled
  Braxton,
- Devin Baker, 6th Cir   Look up case, Longoria, 2021
  Pages 10,11,12, issue 4B1.2(b)

Case 6:24-cv-02023-CJW-MAR    Document 1-1    Filed 05/03/24    Page 2 of 8

- In Section code 4B1.2 (b) is defined to include An ~~offense~~ offense under state law that prohibits the Manufacture, import, export, distribution or dispensing of a controlled substance. Sentencing Guidelines 4B1.2

- a predicate offense is categorically overbroad if the relevant Federal and State Drug schedules have been narrowed between the time when the predicate offense occurred and when Federal Sentencing takes place... That contention finds no basis in the Guidelines Text...petitioner literally committed an offense under state law that prohibits. "The possession of a controlled substance with intent to distribute. Sentencing Guidelines 4B1.2 (b) (2018) Nothing in that language suggests that a court should compare different versions of the statue code as ~~it~~ existed at different times, much less compare the state code to the Federal controlled substance schedules in effect at a later date.

pg 13 ~~Nothing suggest that a court should compare different versions of the state code as it existed at different times much less compare~~ But instead convictions themselves provide the most natural place to look in determining the nature of a defendants prior state crime.

- 4B1.1 states that a career offender is a person who has "at least 2 prior felony convictions for a crime of violence or controlled substance

4B1.1(a) offense... Sentencing Guidelines 4B1.1(a)

Felony conviction ... requires that the ~~Federal~~ Federal Crime of conviction be "subsequent" to sustaining at least Two Felony convictions for a crime of Violence or controlled substance offense. 4B1.2(c) 2018 ... 2K2.1(a)(2) 2015 (similar) Those words direct the Courts attention to events that occurred in the past and suggest a backward looking approach that assesses the nature of the predicate offense at the time the convictions for those offenses occurred ... U.S. v. Clark 6th cir 2022 ... in MCNeill v. USA 2011 he was Convicted of a crime that used to have a Maximum sentence of 10 years but the State lowerd the Statutory Maximum sentence! My Drug offense only holds a 5year Max for My MarJuana offense and My State statutory never changed. only the conduct an elements to My Charge changed so My Conviction cant qualify as a predicate ... The Court held in MCNeill that reasoning that the plain text of ACCA or CC career criminal requires a Federal sentencing court to Consult the Maximum sentence applicable to a deffendants previous drug offense at the time of his conviction for that offense. The Court explained that ACCA an CC is concerned with convictions that have already occured and that the only way to answer this Backward looking approach question is to Consult the Law that applyed at the time of that conviction ... They said doing otherwise could erase an earlier conviction from ACCAs purposes In addition to the 6th cir the 3rd cir and 8th cir also consult the drug Schedules in place at the time of the prior conviction determining whether a prior conviction is a

*(margin note: Split cir issues. State)*



Controlled substance offense under section 4B1.2(b) USA, v, Lewis 3rd cir 2023... (The meaning of controlled substance... Includes Drugs regulated by state Law at the time of the predicate State conviction even if they are no longer regulated by the state at the time of the Federal Sentencing...USA, v, Bailey 8th cir 2022 (por curiam) (declire to "Look" to current State Law to define a previous offense, cert denied) The First and 9th cirs however have taken the view that courts Should consult the Drug Schedules in effect at the time of federal sentencing to determine whether a predicate State Drug conviction qualifies as a controlled substance offense... See USA, v, Abdulaziz 1st Cir. 2021 ... USA, v, Bautista 9th cir 2021 The Second cir has similary disagreed with the governments position that courts should apply the Drug Schedules in effect at the time of the defendants prior State crime, but it has not determined whether courts Should instead consult the Schedules in effect on the Date of the defendants Federal offense or his Federal sentencing. See USA, v, Gibson, 4th cir 2022...

B... This case also implicates a Different circuit conflict regarding a similar timing question that arises in the context of Statutory Minimum Sentences under the ACCA... But courts need not treat the Two questions the same way and Multiple courts of appeals have declined to do so.... The 11th cir read ACCA's definition of Serious Drug offense under State Law to incorporate the version of the Federal controlled substance schedules in effect when the defendant was convicted of his

granted cases that can help Me.

prior state Drug offense ... United States, v, Jackson 2022, 2023 Granted ... The 3rd Cir however examines the Federal Drug Schedules in effect at the time of the defendants Federal offense ... USA, v, Brown Granted 2023 ... The 4th Cir looks to the Federal Drug Schedules in effect at the time of the defendants Federal sentencing. Hope And the 8th and 10th Cir have rejected a time-of-State-Conviction approach without deciding between a time-of-Federal offense and time-of-Federal-Sentencing rule, See USA, v, Williams 10th Cir 2022, USA, v, perez 8th Cir 2022 ...

**My appeal** I argued that the court errored in calculating My Base offense Level ... The courts shouldnt have used My 2018 conviction for possession with intent to deliver Marijuana as a predicate offense 2K2.1 (a) (1), 4B1.2 (b) Iowa Section code 124.401(1)(d) which was also changed and amended. also Iowa Statue is overbroad because the Federal Government stoped regulating Hemp as a controlled substance in 2018 See, 21 U.S.C. 802 (16) (B) (i) 2018 (excluding hemp from definition of Marijuana. They say the court looks to state law to determine whether a prior state conviction qualifys as a controlled substance offense for purposes of the sentencing guidelines ... See USA, v, Henderson 8th Cir 2021 They **Case used aginst Me** say (there is No requirement that the particular substance underlying the state offense is also controlled under a distinct Federal Law.

My arguement for my 2018 conviction
The issue is whether a Controlled substance
offense, for purposes of Guidelines 2K2.1 should
be defined under the state law at the time
of the 2018 conviction or whether it should be
determined according to what the state Law is
regarding such conviction today.
The question befor us is whether ~~████~~ The
sentencing court should determine the relevance
of "Bautista" prior state conviction under the Federal
sentencing Law that exists at the time of sentencing
or under Federal sentencing law that no longer exists.

- My conviction does not qualify as a controlled substance
offense because my Iowa Marijuana conviction includes
substances not within the Guidelines Definition of
controlled substances offense making it overbroad.

- Specifically at the time of my state Iowa
conviction, Iowas definition included Hemp However
controlled substances offenses are limited to those
substances controlled under Iowa Law. at the time
of my conviction-Federal sentencing.

- My Enhancement for the gun being stolen has
to also be taken off Due to that subsection
being "Striked" in the 2024 Amendment cycle...
Also My Enhancement for connection with another
Felony offense "carrying weapons," Aggravated
Misdaminior... This Iowa Law No Longer exist as
~~a~~ ........... in 2022... But

When that Law Was changed it was not a
retroactive change in LAW...under the New 821
Amendments Every change in LAW is now
Retroactive...under the New change The
Subsection 2K2.1(b)(6)(B) Does Not qualify
to Me because that Iowa Law No Longer
exsist....If I Was re-sentenced today without
that enhancement it Would change My guiedlines
Drastictly...From Base Level 29 to 23 with
My 2 Enhancements taken off Due to the
New 821 Amendment Retroactivity the court
Should Respect and Honor the change in LAW
and re-sentence Me without the Enhancem
nts - and without the Career Offender atchd
My guiedlines Should be 70-76 Months....

Davidwright JR.