# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DAVID WRIGHT, JR.,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. 24-CV-2023-CJW-MAR
(No. 21-CR-2008-CJW-MAR)

**ORDER**

_____

This matter appears before the Court on David Wright, Jr.'s ("petitioner") motion to vacate, set aside or correct sentence under Title 28, United States Code, Section 2255. (Doc. 1).[1] Petitioner requests relief under Section 2255, alleging that he was wrongfully sentenced as a career offender because the advisory United States Sentencing Guidelines have since been amended to "remove[ ] marijuana possession from being used for sentencing" and "hemp is no longer illegal under federal law." (*Id.*, at 4). For the reasons that follow, the Court **denies** petitioner's motion and **dismisses** this case.

## I.    BACKGROUND

On February 11, 2022, the Court sentenced petitioner to 151 months' imprisonment upon petitioner's conviction for two counts of possession of a firearm as a felon. (Crim. Doc. 47). This term of imprisonment consisted of a 120-month term imposed on Count 1 and a 120-month term imposed on Count 2 of the Indictment, to be served concurrently, except that 31 months on Count 1 was ordered to be served consecutively to Count 2. (*Id.*, at 2). Under the United States Sentencing Guidelines, petitioner's total offense level was 29, criminal history category VI, resulting in an

---

[1] References to "Doc." are to docket entries in this case, 24-CV-2023-CJW-MAR. References to "Crim. Doc." are to docket entries in the underlying criminal case (21-CR-2008-CJW-MAR).

advisory guidelines sentence of 151 to 188 months' imprisonment. (Crim. Doc. 48, at 1).

In calculating petitioner's offense level, the Presentence Investigation Report assessed petitioner with a base offense level 26 under Guideline Section 2K2.1(a)(1) because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine, and the petitioner committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. (Crim. Doc. 34, at 7). The prior convictions used to determine this base offense level were a 2018 conviction for possession of cocaine with intent to deliver while in possession of a firearm and a 2018 conviction for possession of marijuana with intent to deliver. (*Id.*, at 10-11).

In calculating petitioner's criminal history category, petitioner's four prior adult convictions resulted in 12 criminal history points, but petitioner received two additional points under Section 4A1.1(d) because he committed the instant offense while under a criminal justice sentence, for a total of 14 criminal history points, placing him in criminal history category VI. (Crim. Doc. 34, at 10-14).

Petitioner appealed his sentence. (Crim. Doc. 50). On appeal, petitioner argued that the "court should not have counted his 2018 conviction for possession with intent to deliver marijuana as a 'controlled substance offense' under U.S.S.G. §2K2.1(a)(1)." (Crim. Doc. 61, at 3). The Court of Appeals affirmed this Court, finding "[t]here is no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." (*Id.*, at 2-3 (quotation and citation omitted)). The Court of Appeals also found this Court was correct in applying the Iowa law at the time of petitioner's conviction of the state offense, not the law at the time of sentencing, such that it did not matter that Iowa later excluded hemp from the definition of marijuana. (*Id.*, at 4).

## II. DISCUSSION

Here, petitioner attempts to revive arguments he lost on appeal by claiming the law has changed. His argument is frivolous. First, the law has not changed. Amendment 821 to the United States Sentencing Guidelines did not change the law on whether a prior conviction for possession with intent to deliver marijuana could serve as a predicate offense for purposes of determining an offender's offense level under Guidelines Section 2K2.1. The only portion of Amendment 821 pertaining to marijuana was to amend Section 4A1.3 commentary to suggest that a court may consider a downward departure for overstatement of criminal history category when an offender's criminal history category is determined in part on mere marijuana possession convictions. Petitioner did not score any criminal history points, nor was his offense level determined in any way, based on convictions for merely possessing marijuana. Further, this portion of Amendment 821 was not applied retroactively, contrary to petitioner's assertion. Nor did Amendment 821 remove marijuana possession from being used for sentencing. In short, petitioner is flat wrong.

Second, petitioner is attempting to simply relitigate an issue he unsuccessfully litigated at sentencing and on appeal. Section 2255 is intended to provide federal prisoners "a remedy for jurisdictional or constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Davis v. United States*, 417 U.S. 333, 346–47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Thus, petitioner's motion is wholly without merit and is **denied**.

### III.    CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court must determine whether to issue a certificate of appealability.   *See* 28 U.S.C. § 2253(c)(2).   Petitioner must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case.   *See Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000).   "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."   *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   Here, it is not debatable among reasonable jurists that petitioner's motion lacks merit.   Consequently, a certificate of appealability is also denied.   *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy Section 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### IV.    CONCLUSION

For these reasons, petitioner's pro se motion to vacate, set aside or correct sentence is **denied.**   (Doc. 1).   A certificate of appealability is also **denied.**

**IT IS SO ORDERED** this 9th day of May, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

4